UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

PRESIDENTIAL GOLF PARTNERS, LLC   *   CASE NO. 08-15654-RGM

    Debtor   *   (Chapter 7)

       *

       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

OBJECTION TO NOTICE OF INTENT TO ABANDON

American Bank, assignee of Kerry and William Collins, Timothy Fleischer, Colin Eagen, Orr Presidential, LLC, Jeffrey and Priscilla Milloy, John C. Lee, IV, Eric R. Wells, James and Ellen Speros, Howard J. Ross, Kenneth Brooks and KoGo Investors, LLC, ("Objector"), by its undersigned attorneys, hereby files this Objection pursuant to United States Bankruptcy Code ("Code") Section 554 and Federal Rule of Bankruptcy Procedure 6007 and states as follows:

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. Section 1334 and 28 U.S.C. Section 157. This Objection is a core proceeding arising under the Code.

2. On September 16, 2008, the Debtor filed a petition for relief under chapter 7 of the Code.

3. On September 17, 2008, Robert Ogden Tyler was appointed as interim trustee in this case.

Brian A. Loffredo, Esquire
State Bar Number 74137
Offit Kurman, P.A.
8171 Maple Lawn Drive, Suite 200
Maple Lawn, Maryland 20759
(301) 575-0300
Counsel for Objector

4. Pursuant to a Lease dated December 1, 2003, as amended by the First Amendment to Deed of Lease dated May 21, 2004 and the Reinstatement of and Second Amendment to Deed of Lease dated October 12, 2007 (the "Lease") all executed by North Dulles Retail Associates Limited Partnership and Beau Meade Associates Limited Partnership (collectively, "Landlord") and the Debtor as tenant, the Landlord leased to the Debtor and the Debtor leased from the Landlord for a term of 35 years the real property consisting of three tracts of land in Loudon County, Virginia containing an aggregate of 190 acres, more or less, and all improvements thereon (the "Real Property").

5. On September 26, 2008, the Chapter 7 trustee filed its Notice of Intent to Abandon Possession of Leased Real Property Located in Loudon County, Virginia (the "Notice to Abandon") pursuant to which the trustee proposed to abandon to the Landlord the Real Property and, in effect, the Lease.

6. In the Notice to Abandon, the trustee sets forth as the reasons for the proposed abandonment the Landlord's alleged termination of the Lease prior to the filing of this bankruptcy case and the trustee's inability to preserve, protect and maintain the Real Property.

7. The Objector, as assignee, is the holder of twelve unsecured claims against the Debtor in this case. The Objector objects to the trustee's proposed abandonment of the Real Property and the Lease for the reasons discussed below.

8. First, the trustee may not abandon property to a third party such as the Landlord; the trustee may only abandon property to the Debtor, In Re Renaissance Stone Works, LLC, 373 B.R. 917, 920 (Bkrtcy. E.D. Mich. 2007). The trustee may therefore not abandon the Real Property or the Lease to the Landlord.

9. Second, the Objector avers upon information and belief that the Debtor's interest in the Real Property and the Lease has substantial value to the Debtor's estate that when liquidated, could provide significant returns to the Debtor's unsecured creditors. The Real Property is located at a sought after location, comprises more than 190 acres of land and is subject to a long term 35 year lease. The Objector was notified in the last three weeks by the Debtor that a private party was considering purchasing the Lease for a substantial sum of money, which would have provided a return to unsecured creditors in this case.

10. The trustee's assertion that the Landlord terminated the lease by letters dated August 1, 2008 is ambiguous and lacking sufficient detail. Genuine issues exist as to whether the Lease was in fact legally terminated prior to the filing of this case.

11. Contrary to the trustee's assertion, the Objector believes that the Debtor's interest in the Real Property and the Lease have substantial value to the Debtor's estate and should therefore not be abandoned.

WHEREFORE, the Objector requests that this Court enter an order sustaining this Objection and granting such other and further relief as is appropriate.

Respectfully submitted,

/s/Brian Loffredo
Brian Loffredo, Esquire
State Bar Number 74137
Offit Kurman, P.A.
8171 Maple Lawn Drive, Suite 200
Maple Lawn, Maryland 20759
(301) 575-0300
Counsel for Objector

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2008, to the extent the following persons were not served electronically by the Court's CM/ECF system, I mailed a copy of the foregoing Objection to Notice of Intent to Abandon by first class mail, postage prepaid to Robert Tyler, trustee, Tyler, Bartl, Gorman & Ramsdell, P.L.C., 700 South Washington Street, Suite 216, Alexandria, Virginia 22314, to the Office of United States Trustee, 115 South Union Street, Plaza Level, Suite 210, Alexandria, Virginia 22314 and to each party who has requested notices as set forth on the attached list.

    /s/ Brian A Loffredo
Brian A. Loffredo

SERVICE LIST

Brian F. Kenney, Esq.
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102

Stephen Leach, Esq.
Leach Travell Britt, P.C.
8270 Greensboro Dr, Ste. 1050
McLean, VA 22102

Ellen MacKay
Treasurer County of Loudon
P.O. Box 347 (MSC #31)
Leesburg, VA 20178

John Tran, Esq.
DiMuro Ginsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314

Linda S. Broyhill, Esq.
Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042

Geoffrey Gavett, Esq.
Gavett and Datt, P.C.
15850 Crabbs Branch Way, Suite 180
Rockville, MD 20855

Karen Stapleton, Esq.
County of Loudon, Virginia
One Harrison Street, S.E. 5th floor
Leesburg, VA 20175

Douglas Scott, Esq.
1805 Monument Avenue, Suite 311
Richmond, VA 23220

Stephen Annino, Esq.
Kasimer & Annino, P.C.
7653 Leesburg Pike
Falls Church, VA 22043